# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF OREGON

**ELIZABETH L. PERRIS**
BANKRUPTCY JUDGE

1001 S.W. FIFTH AVENUE, # 700
PORTLAND, OREGON 97204
(503) 326-1536

DIANE K. BRIDGE, LAW CLERK
BETHANY COLEMAN-FIRE, LAW CLERK

**TRANSMITTED VIA ECF**

June 4, 2013

Keith D. Karnes
Karnes Law Offices, PC
1860 Hawthorne Ave.
Salem, OR  97301

Katheryn Ireland
Ireland & Ireland
9003 NW Hwy. 47
Forest Grove, OR  97116

> Re:  <u>Porter v. Jensen</u>, Adv. No. 12-3095
>      Ruling on Objection to Attorney Fee Request (Doc. #61)

Dear Counsel:

At the conclusion of the trial in this adversary proceeding, the court found that defendant is obligated to pay debtors approximately $1,169 for unpaid utilities and $500 to replace a steel plate, and that defendant is entitled to damages of $6,700 from debtors for debtor Walter Porter's conduct that entitled defendant to rescind the contract for the lease of the dairy or, in the alternative, for breach of contract.

Defendant has filed his request for attorney fees and costs, seeking $17,275.20, which is made up of $16,277.50 in attorney fees for the litigation plus $175 for post-judgment attorney fees, $272.70 for litigation expenses, and $550 for costs and disbursements.

Debtors object to the fees as excessive and the costs as not recoverable.  They raise five arguments related to the attorney fees: (1) that counsel engaged in block billing; (2) that the fees were incurred on claims on which defendant was not successful; (3) that the charges include duplicative work; (4) that the charges are excessive in time or type of work; and (5) that travel time was charged at the full rate.  They do not object to the award of post-judgment attorney fees of $175.

Debtors also argue that the court should award a sanction for defendant's counsel's failure to appear at two inspections of the property. They challenge the expenses for mileage and the prevailing party fee.

I have reviewed the fee, expenses, and costs itemization and conclude that defendant is entitled to $14,591.00 in fees and $272.70 in costs and expenses. I make the following observations about debtors' objections.

A.   Attorney and paralegal fees

   1.   Block Billing

Defendant's counsel's attorney fee statement includes entries for total time spent, without breaking out the amount of time spent on each individual task. This makes a determination of reasonableness more difficult. However, in most instances the time spent on the listed tasks appears reasonable. Given the nature of the representation and the amount of the fees charged, only if the total amount of time spent appears unreasonable or if the entry includes work for which fees should not be allowed will I reduce the fees for block billing.

   2.   Work on Unsuccessful Claims

Debtors argue that defendant should not recover attorney fees for work that counsel did on what they say are claims on which defendant was not successful. They break out the various allegations of wrongdoing and breach of contract, and object to fees for any work on allegations that were not proven.

Defendant incurred fees to defend against debtors' claim for damages of $28,712, which included unpaid lease payments and unrepaired damage to the property. Defendant prevailed on this claim, other than the amount he admitted that he owed for utilities and a replacement steel plate.

Defendant also incurred fees in pursuing his two counterclaims: for rescission and breach of contract. He prevailed on those claims as well, although he did not prove every allegation of breach that he alleged.

Because defendant prevailed in defending against the bulk of debtors' claim for damages, and on his claims for rescission or breach of contract, he is entitled to attorney fees on those

claims.  The fact that he did not prove every allegation does not
mean that he did not prevail or that the attorney fees incurred
in pursuing those allegations were unreasonable.  Furthermore, as
defendant observed in his reply, "[t]he specific allegations of
each 'claim for relief' do not each constitute a specific claim
for relief, but instead are part and parcel of the larger claim
for relief."  Defendant's Reply at p.2.

    3.    Duplicate Work

    Debtors argue that defendant seeks payment for duplicate
work.  Defendant responds that the work billed by Katie Ireland
and Robert Ireland, which debtors assert is duplicative, was not
in fact duplicative.  Counsel explains that the answers and
counterclaims included multiple facets, which is true, and that
the work each lawyer did on the counterclaims and answer was not
duplicative.

    I will not reduce the fees for duplicate work.  The fact
that two lawyers worked on a matter does not mean that the work
was duplicative.  It appears from the entries that the two
lawyers were working on different aspects of the case.

    Counsel explains that the paralegal's review of videos was
not duplicative because the paralegal weeded out unnecessary
videos, which cut down on the time counsel needed to take to
review them.  This is a reasonable explanation for what would
otherwise appear to be duplication.

    4.    Excessive Charges

    Debtors object to some time entries as taking excessive time
for the task or as being for unreasonable work, such as
secretarial work or work necessitated by counsel's own mistakes.
I conclude that, in general, the amount of time counsel spent on
particular tasks was reasonable.  However, to the extent legal
work was necessitated by counsel's own mistakes (seeking a
default on counterclaims that were in an unsigned answer) or
could have been done by a secretary, I will reduce the fees.  I
will also reduce the fees by a small amount for time billed by
Robert Ireland on February 15, 2013, to confirm rainfall and
Chelsea Waible on February 19, 2013 regarding weather conditions;
it is not apparent why the amount of rainfall or weather
conditions were relevant.

     5.    <u>Travel Time</u>

Debtors point out that both Katie Ireland and Chelsea Waible charged their full rates for travel time. If an applicant does not work on client matters while traveling, travel time is allowed at one-half the hourly rate. LBR 2016-1(b)(2)(C)(i)(III). Travel time will be reduced by one-half the hourly rate. I will estimate an hour each way to travel to and from counsel's office to the court, for a total of two hours. Counsel will be allowed one hour's fee for those two hours of travel.

B.    <u>Sanction</u>

Debtors seek a reduction in fees as a sanction for defendant's counsel's failure to appear twice for a noticed inspection of the farm. Sanctions for conduct occurring in connection with discovery must be sought under Fed. R. Bankr. P. 7037 and Fed. R. Civ. P. 37. Debtors have neither filed a motion for sanctions, nor could they timely do so now. Failure to timely seek relief with regard to discovery constitutes waiver of any right to relief. LBR 7026-1(e). The fees will not be reduced for counsel's conduct during discovery.

C.    <u>Expenses and Costs</u>

Debtors object to mileage expenses as being duplicative of travel time, and to the $550 prevailing party fee. Mileage is a different expense from travel time. <u>See</u> LBR 2016-1(b)(2)(C)(i). Defendant is entitled to mileage reimbursement. Debtors are correct that the state law prevailing party fee is not available in federal court. I will not award the requested prevailing party fee.

CONCLUSION

Attached is a chart that sets out the individual fee entries to which there is an objection, and indicates any reduction in fees, costs, or expenses and the reason for the reduction.[1] The fees in general in this case are very reasonable; I have reduced

---

[1]    With respect to reductions, I will use the number of the reason that corresponds to the heading number I used to discuss the arguments, <u>e.g.</u>, #1 for Block Billing.

the fees only for specific improperly included items.  As a
result of the reductions, the fees for Katie Ireland are reduced
by $1,326.50 (7.58 hours x $175/hr.); for Robert Ireland are
reduced by $185.00 (.74 hours x $250/hr.); and for Chelsea Waible
are reduced by $350.00 (7.00 hours x $50/hr.), for a total
allowable fee of $14,591.00 ($16,277.50 plus $175.00 less
$1,861.50).  I will award the expenses requested of $272.70, and
will disallow the $550 prevailing party fee.  Defendant's counsel
shall submit a judgment awarding those fees and costs.

Very truly yours,

ELIZABETH L. PERRIS
Bankruptcy Judge

Keith D. Karnes
Katheryn Ireland
June 4, 2013
Page 6

| Date | Biller | Services | Hours | Reduc-tion | Reason |
|---|---|---|---|---|---|
| 5/21/12 | KI | Start on drafting answer, research possible counterclaims, and phone call with client to discuss facts of case. | 1.65 | 0 | |
| 5/22/12 | KI | Cont. drafting answer-affirmative defenses and counterclaims, research, letter to client. | 2.00 | 0 | |
| 5/22/12 | RI | Meeting with Katie, review file and draft answer and counterclaims. | 1.06 | 0 | |
| 5/23/12 | KI | Finalize draft, letter to client, file answer, phone calls to client, mail and fax to opposing counsel. | 2.40 | 0 | |
| 6/4/12 | KI | Court appearance for hearing, draft order per order of court, email opposing counsel who did not appear. | .50 | 0 | |
| 6/8/12 | KI | Finalize Order, upload for filing. | .50 | 0 | |
| 6/21/12 | KI | Start draft of Request for Production and Request for Interrogatories-discovery. | 2.25 | 0 | |
| 6/27/12 | KI | Finalize Request for Production and Request for Interrogatories. | .69 | 0 | |

| Date | Biller | Services | Hours | Reduc-tion | Reason |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
| 7/31/12 | KI | Draft Motion, Affidavit and Order for Default. | 1.00 | 1.00 | 4 |
| 8/14/12 | KI | Draft Affidavit in support of Default, draft Default Judgment. | 1.00 | 1.00 | 4 |
| 8/30/12 | KI | Draft objection to motion to dismiss, research case law. | 2.56 | 1.00 | 4 |
| 8/31/12 | RI | Research counterclaims, motion for default, motion to strike filed by defendant | 1.11 | .50 | 4 |
| 9/5/12 | RI | Research Automatic stay motion from both perspectives. | 1.11 | 0 |  |
| 11/8/12 | KI | Prepare and appear for hearing, Court ordered refile Answer with signature.  Call to client for update. | .75 | .25 | 4 |
| 11/21/12 | KI | File corrected Answer | .33 | .33 | 4 |
| 2/15/13 | RI | Research, select pictures for ODA review, confirmed rainfall during this period.  Phone call to Jaindl discussing issues at Porter dairy. | 2.74 | .24 | 4 |
| 2/19/13 | CW | Prepared pictures to be sent to ODA, reviewed videos, found | 2.00 | .5 | 4 |

| Date | Biller | Services | Hours | Reduc-tion | Reason |
|------|--------|----------|-------|------------|--------|
| | | weather conditions during time pictures were taken. | | | |
| 2/20/13 | KI | Letter to client, review of videos, phone call to client. | 1.00 | 0 | |
| 2/25/13 | KI | Review and sort all docs provided by client for exhibits, email ODA re: subpoena, research and draft trial memo | 5.00 | 0 | |
| 2/26/13 | KI | Draft exhibit and witness list, phone calls with client to discuss docs provided for exhibits.  Go over all docs, and discuss whether or not necessary.  Provide explanation of docs provided.  Discuss 1st draft of trial brief. | 5.00 | 0 | |
| 2/26/13 | RI | Research case law on commercial lease and foreclosure and reviewed draft of trial brief. | 2.00 | 0 | |
| 2/26/13 | CW | Preparation of pleadings, copy exhibits. | 4.00 | 2.00 | 4 |
| 2/27/13 | KI | Finalize witness and exhibit lists, multiple phone calls with client to discuss docs provided, find out where additional docs are, file all | 5.00 | 0 | |

| Date | Biller | Services | Hours | Reduc-tion | Reason |
|------|--------|----------|-------|------------|--------|
| | | with court, email to opposing counsel. | | | |
| 2/27/13 | RI | Review CAFO and AWMP issues.  Call with Jaindl from ODA confirming issues at dairy. | 2.39 | 0 | |
| 2/27/13 | CW | Copy and organize all exhibits, prepare notebook for judge. Travel time to file exhibits at courthouse. | 6.00 | 2.00 | 4,5 |
| 3/1/13 | KI | Copy scan and put together more documents for exhibit lists. | 3.00 | 3.00 | 4 |
| 3/4/13 | KI | File motion for telephone testimony, phone call with Steve Vredenburg - possible veterinary witness re: mastitis. | .83 | 0 | |
| 3/11/13 | KI | Preparation, work on questions for all 11 witnesses, draft opening | 4.00 | 0 | |
| 3/11/13 | RI | Preparation for trial, review evidence, go over questioning and priority of exhibits, review damage/repairs, maintenance, waters of the state. | 3.34 | 0 | |

| Date | Biller | Services | Hours | Reduc-tion | Reason |
|------|--------|----------|-------|-----------|--------|
|  |  |  |  |  |  |
| 3/12/13 | KI | Additional prep, draft opening, continue questioning. Meeting with client and son – testimony prep (approx. 2 hours), explanation of court proceedings and how the trial will go, research case law: re admittance of ODA report (approximately 1 hour). | 6.00 | 0 |  |
| 3/12/13 | CW | Travel time to courthouse to prepare binders and ODA to pick up certified copy of ODA findings. | 5.00 | 2.50 | 5 |
| 3/13/13 | KI | Court appearance for hearing, travel to and from hearing. | 10.00 | 1.00 | 5 |
| 3/13/13 | RI | Research per judge's concerns with as is lease vs false representations, send to Katie. | 2.18 | 0 |  |
| 3/28/13 | KI | Draft motion for attorney's fees, affidavit and memorandum of law. File on pacer | 5.00 | 0 |  |